## Case No. 11,408.

### PREVOST v. HEALY.

[7 Wkly. Notes Cas. 263.]

Circuit Court, E. D. Pennsylvania.　April 19, 1879.

EQUITY JURISDICTION—BILL TO REMOVE A CLOUD FROM TITLE—DEMURRER—PRACTICE—ENTRY OF "JUDGMENT NISI, FOUR DAYS," MEANING OF.

An entry of "judgment nisi, four days," was made in the United States circuit court in a common law suit, upon the day of the verdict for the plaintiff. This judgment was subsequently made absolute, a motion for a new trial being dismissed. In the interval the judgment debtor conveyed to a stranger realty situated in the United States district where the judgment was entered. The plaintiff having subsequently purchased his debtor's title at a marshal's sale under his own execution, brought a suit in equity against his debtor's grantee for the cancellation of the deed of conveyance, as being a cloud on his title. The bill averred that the complainant was in possession. On demurrer, *held*, the complainant had shown a sufficiently good prima facie uncontradicted title, to support the bill.

Bill in equity, filed by Prevost v. Daniel Healy, averring that complainant had purchased at marshal's sale, on December 21, 1877, under a judgment obtained by him on July 7, 1877, against one Gorrell, certain real estate in Clarion county, therein described. The judgment of July 7, 1877, was entered upon the day of the verdict, and was in the following form: "Judgment nisi, 4 days."

A motion for a new trial was dismissed, and the judgment made absolute on the 18th of August, 1877. [Case No. 11,404.] On the 14th of July, 1877, Gorrell conveyed this real estate to the defendant Healy, as the bill alleged fraudulently, to avoid paying the complainant his judgment. At the time the judgment was obtained, and from thence to the filing of the bill, the premises had been in the hands of lessees, who had complied with the conditions of the lease, and given the owner no ground for re-entry. The bill, however, averred possession in the complainant, and alleged that the outstanding title to the premises, in Healy, the conveyance to whom by Gorrell had been recorded in Clarion county, was a cloud on the complainant's title and prayed that the court would direct Healy to deliver it up to be cancelled, etc. Demurrer for want of equity.

L. W. Smith and James Ryan, for demurrer.

This is an attempt to have the title of the complainant to this land determined by a bill in equity, instead of by an ejectment. As a matter of fact, the complainant has never been in possession of this land, nor has he received any rent for it. The original lessees paid the rent to Healy after the judgment of July 7th, and afterwards, in consequence of this litigation, have paid it into court.

(BUTLER, District Judge. Do these facts appear in the bill, which the demurrer admits to be true?)

No, but a reference to them is necessary that the position of the parties may be understood. Now it is well settled that the relief sought for here cannot be obtained unless the complainant is in possession, and then only where the outstanding title is not actively pressed. It is only where the title in the complainant to the land is clear, and connected with possession, that he has a right to ask in equity for a removal of the cloud. Orton v. Smith, 18 How. [59 U. S.] 265; Polk v. Pendleton, 31 Md. 124; Harrington v. Williams, 31 Tex. 460; Bunce v. Gallagher [Case No. 2,133]. And see, also, Bisp. Eq. 515; Story, Eq. Jur. 700, note; Munson v. Munson, 28 Conn. 582. Here the title asserted is bad on the face of the bill. The complainant alleges a judgment nisi on July 7th. The meaning of that entry is this: "Judgment for the plaintiff, unless in four days a motion for a new trial is made." Such a motion was made within four days, and, although afterwards dismissed, it discharged the judgment nisi. The complainant's title, therefore, rests upon the judgment of August 18, 1877, prior to which time Healy had purchased the land from Gorrell, viz. July 14, 1877.

(McKENNAN, Circuit Judge. The meaning of the entry of "judgment nisi four days" is not what you suppose. Its effect is that unless a motion for a new trial is made

within four days, which is succeeded by an order for a new trial, the judgment is to stand from its date, instead of from the date when the motion is dismissed or the rule is discharged.)

The entry was irregular. It is not known in practice, and there is no rule of the United States courts authorizing it.

(McKENNAN, Circuit Judge. The practice is a common one in the United States court in the Western district of Pennsylvania.)

A. Sydney Biddle (with him Lin Bartholomew), contra.

(1) As for the objection that this is a substitute for an ejectment, the answer is that the bill asserts the plaintiff to be in possession, and this is admitted by the demurrer.

The defendant could have raised the defence by setting the facts upon a plea.

(2) As for the second argument, we admit that unless the plaintiff's title as set forth in the bill is clear and indisputable, the bill must be dismissed. But the complainant's title is plain. He bought on December 21, 1877, at marshal's sale, Gorrell's title to realty, under a judgment obtained July 7, 1871. The purchase vested the property in the purchaser, so as to avoid all intervening encumbrances since the judgment, and of course avoided Healy's title, even if his purchase had been bona fide, as the conveyance to him was dated July 14, 1877.

Before McKENNAN, Circuit Judge, and BUTLER, District Judge.

THE COURT. We are satisfied that the demurrer must be overruled. The only question of importance is whether the complainant's bill avers possession, and shows a clear title. This we think is the case. It may be that the complainant is not really in possession, and so, though entitled to the ownership, has begun this suit prematurely. But this the record, which alone we can look at, does not show. The bill avers possession, and this is admitted by the demurrer.

Demurrer overruled.

[See note to Case No. 11,404.]

PREVOST (HEALY v.). See Case No. 6,297.

PREVOST (PETERS v.). See Case No. 11,-032.

PREWETT (LABITUT v.). See Case No. 7,-962.

PREWETT (WILSON v.). See Case No. 17,-828.